IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SHAD AYRES, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 9:23-CV-54 |
| § | | |
| H-E-B, LP D/B/A HEB, § | | |
| *Defendant*. § | | |

## DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., and to Federal Rule of Civil Procedure ("Rule") 12(b)(1) or, in the alternative, 12(b)(3) or 12(b)(6), Defendant H-E-B, L.P. ("H-E-B") files this Motion to Dismiss and Compel Arbitration and respectfully shows the Court as follows:

## INTRODUCTION

Plaintiff Shad Ayres, a former H-E-B employee, filed this lawsuit alleging H-E-B terminated him in retaliation for filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Age Discrimination and Employment Act ("ADEA").[1]

H-E-B denies Ayres's claims in their entirety. Further, Ayres's claims are subject to a binding arbitration agreement with H-E-B under which Ayres agreed to arbitrate "any controversy

---

[1] Although Ayres references age and gender discrimination throughout his Complaint, it is unclear whether he is raising a claim for age and gender discrimination in this lawsuit as his Complaint includes only one count for "unlawful retaliation." *See* Pl.'s Cmplt. at ¶32-41. If so, it is also subject to binding arbitration.

or claim arising out of or relating to [his] hiring, employment, benefits, and /or separation of employment." Accordingly, H-E-B requests that the Court compel binding arbitration and dismiss Ayres's lawsuit.

## STATEMENT OF FACTS

**A.      Ayres Signed an Agreement to Arbitrate Upon Accepting Employment with H-E-B**

H-E-B is an independently owned grocery retailer, with stores across Texas and in Mexico. *See* Declaration of Christopher Shaver, attached as Exhibit A at ¶3.  HEB is fully committed to the principle of equal employment opportunity for all of its employees.  *Id*.  H-E-B requires all of its employees to agree to arbitrate all employment related disputes as a condition of employment with H-E-B.  *Id*. at ¶4.

Since 2014, any candidate who is interested in working for H-E-B must complete and submit an electronic Employment Application. *Id.* The electronic Employment Application contains, among other provisions, an agreement to arbitrate and an acknowledgement by the candidate of the use of an electronic signature.  *Id.*  An individual is unable to begin employment at H-E-B unless he electronically signs certain documents required as a condition of employment with H-E-B, including the "Agreement to Arbitrate" and the "Electronic Signature" acknowledgement.  *Id.* at ¶5.

On or about July 31, 2015, Ayres submitted an Employment Application for a Manager-in-Charge position at one of H-E-B's Lufkin, Texas stores.  *Id.* at ¶6.  In conjunction with his Employment Application, Ayres also electronically signed and agreed to the "Agreement to Arbitrate" and the "Electronic Signature" acknowledgement.  *Id.*

The Agreement to Arbitrate, which Ayres e-signed states:

> H-E-B AND I HEREBY AGREE TO SUBMIT ANY CONTROVERSY OR CLAIM ARISING OUT OF OUR RELATING TO MY HIRING,

> EMPLOYMENT, BENEFITS, AND/OR SEPARATION OF EMPLOYMENT OR ANY OCCUPATIONAL OR ON-THE-JOB INJURY/ILLNESS TO, AND RESOLVED EXCLUSIVELY BY, FINAL AND BINDING ARBITRATION UNDER THE FEDERAL ARBITRATION ACT TO BE ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION (AAA) OR OTHER MUTUALLY AGREED TO ARBITRATOR, PURSUANT TO THE AAA'S NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES. WHERE ALLOWED BY LAW, THE STANDARD OF REVIEW TO BE APPLIED TO THE ARBITRATOR'S FINDINGS OF FACT AND CONCLUSIONS OF LAW WILL BE THE SAME AS THAT APPLIED BY AN APPELLATE COURT REVIEWING A DECISION RESULTING FROM A BENCH TRIAL.

*See* Ayres Agreement to Arbitrate, attached as Exhibit A-1.  Ayres e-signed the Agreement to Arbitrate on July 31, 2015 when he submitted his application.  *See* Exhibit A at ¶6.

Ayers also accepted the Electronic Signature acknowledgment.  *Id.*  The Electronic Signature acknowledgment states:

> I understand that by typing in my name below, this is considered my electronic signature and it shall have the same force and effect as my handwritten signature.
>
> I further agree that I am bound by the all of the terms and conditions contained or referenced in the on-line application.

*Id.*; Exhibit A-1.

Ayres further specifically acknowledged that he understood and agreed to the "General Agreement," **"Agreement to Arbitrate," "Electronic Signature,"** and "Additional Agreements" as stated in the H-E-B Employment Application.  *Id.*  In addition, Ayres was given an opportunity to withdraw his consent to acknowledgement of the forms within 24 hours of his submission of his application.  *Id.*

Ayres was subsequently offered a position as a Manager-in-Charge, which he accepted.  Ayres continued working for H-E-B until his termination on October 1, 2021.  Exhibit A at ¶7.

**B.     Ayres Filed This Lawsuit Despite His Express Agreement to Arbitrate**

Contrary to his acceptance and acknowledgement of the Agreement to Arbitrate, Ayres did not seek to arbitrate any of his claims. Instead, Ayres filed this lawsuit on March 20, 2023. D.E. 1. Ayres's claims arise from his employment with and separation from H-E-B and are therefore entirely within the scope of the binding Agreement to Arbitrate. Thus, H-E-B requests that the Court compel Ayres's claims to arbitration and dismiss his lawsuit or, at minimum, stay litigation.

## ARGUMENTS AND AUTHORITIES

**A.     The Federal Arbitration Act Controls and Strongly Favors Arbitration**

Pursuant to the FAA, Ayres's claims should be dismissed and compelled to arbitration. The Agreement to Arbitrate expressly states that the FAA governs the Agreement to Arbitrate. Exhibit A-1. The parties express agreement that the FAA applies is sufficient to establish the FAA's applicability. *See Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 341 (5th Cir. 2004) ("FAA rules apply absent clear and unambiguous contractual language to the contrary.").

Second, the parties' arbitration agreement is subject to the FAA because it involves transactions affecting or involving interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995) (holding that the FAA applies to written agreements containing arbitration provisions involving activities that affect "interstate commerce"). Whether an employee's activities involve or affect interstate commerce is broadly construed. *Id.* at 270; *Eman-Henshaw v. Park Plaza Hosp.*, 129 F.3d 610, 610 (5th Cir. 1997). To this end, the Supreme Court, the Fifth Circuit, and other courts recognize that the FAA generally applies to contracts of employment except those of seamen and railroad employees. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-19 (2001); *Rojas v. TK Commc'ns, Inc.*, 87 F. 3d 745, 747-48 (5th Cir. 1996); *Rodriguez v. Xerox Bus. Servs., LLC*, No. 3:16-cv-00041, 2017 WL 1278714, at *4 (W.D.

Tex. Feb. 9, 2017) (compelling arbitration of employee's personal injury claims and explaining that because the FAA is interpreted broadly, "the FAA also applies to employment contracts that are purely intrastate").

Further, it is undisputed in the Fifth Circuit that arbitration agreements are valid and enforceable in an employment context. *See e.g.*, *Elkjer v. Scheef & Stone, L.L.P.*, 8 F. Supp. 3d 845, 854 (N.D. Tex. 2014) (compelling Title VII discrimination claims to arbitration); *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991) (holding Title VII claims can be subjected to compulsory arbitration). "Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes . . . ." *See Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313-14 (11th Cir. 2002). The Fifth Circuit Court of Appeals has repeatedly emphasized this federal policy favoring arbitration and held that any uncertainties regarding the agreement are to be resolved in favor of arbitration. *See, e.g., Alim v. KBR, Inc.*, 570 F. App'x 417, 420 n.5 (5th Cir. 2014); *Hendricks v. UBS Fin. Servs., Inc.*, 546 F. App'x 514, 517–18 (5th Cir. 2013); *Hall-Williams v. Law Offices of Paul C. Miniclier,* 360 F. App'x 574, 578 (5th Cir. 2010). Consequently, when a party attempts to avoid arbitration with assertions that the agreement is supposedly not binding, a court should approach the issue "with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In sum, there is a heavy presumption in favor of arbitration, which Ayers simply cannot overcome.

**B.     H-E-B Meets All Requirements for Compelling Arbitration**

The burden on a party seeking to compel arbitration under the FAA is modest. H-E-B must show: (1) a valid arbitration agreement exists, and (2) the claims raised by Ayers are within the

scope of that agreement. *See, e.g., Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008); *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999). Once H-E-B establishes a claim within the arbitration agreement, the FAA mandates that the suit be compelled to arbitration. *See* 9 U.S.C. § 3; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that the district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"); *Municipal Energy Ass'n of Miss.*, 804 F.2d at 342 ("[T]he district court should grant a 9 U.S.C. § 3 application for a stay pending arbitration when the arbitration clause on its face covers a dispute.").

1. *A valid arbitration agreement exists between H-E-B and Ayers*

The law in the Fifth Circuit is well settled: valid agreements between employers and employees to submit statutory employment claims to arbitration, like the Agreement to Arbitrate at issue here, are valid and enforceable.[2] Courts have compelled similar claims to arbitration under similar agreements. *See Pirzada v. AAA Tex.,* No. LLC, CV H-21-0664, 2021 WL 2446193, at *1 (S.D. Tex. June 15, 2021) (compelling plaintiff's discrimination and retaliation claims to arbitration when the "Plaintiff signed an arbitration agreement which provided that 'any and all Arbitrable Claims … will be subject to and be resolved exclusively by and through final and binding arbitration.'"); *Munoz v. Luby's Inc.*, No. CIV.A. H-11-2984, 2011 WL 6291966, at *6 (S.D. Tex. Dec. 14, 2011) (compelling arbitration of plaintiff's discrimination claims when the defendant's employment dispute resolution policy required each of its employees to resolve employment-related disputes by arbitration); *Johnson v. CMI Group,* No. 3:19-CV-2361-N, 2020

---

[2] Should Ayers contest the validity of the parties' agreement, he bears the burden of demonstrating its unenforceability. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000).

- 6 -

WL 8461518, at *6 (N.D. Tex. Dec. 29, 2020) (compelling arbitration of plaintiff's employment discrimination and retaliation claims when the arbitration agreement stated, "I agree to arbitrate and resolve any and all employment-related disputes between the Company and affiliate entities and myself.").

The Houston First District Court of Appeals has also concluded that an electronically signed arbitration agreement in H-E-B's new hire paperwork is a valid and enforceable arbitration agreement.  *H-E-B, LP v. Saenz*, No. 01-20-00850-CV, 2021 WL 4733460, at *6 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, pet. denied) ("[T]he New Hire Paperwork could not be created without unique, secret credentials, and therefore [Plaintiff]'s New Hire Paperwork, completed electronically, can be attributed to her.").

Indeed, arbitration agreements in applications for employment, like Ayers's, are routinely enforced because the agreement to arbitrate is formed when the employee signs the application and begins work.  *See Hadnot v. Bay, Ltd.*, 344 F. 3d 474, 477 (5th Cir. 2003); *Ford v. Lehman Bros., Inc.,* No. 4:07-cv-02693, 2007 WL 4437165, *4-5 (S.D. Tex. Dec. 18, 2007) (finding that it was not necessary for the plaintiff to sign the arbitration agreement *during* her employment; her employment with the defendant provided sufficient consideration); *see also Mitchell v. J.V. Indus. Companies, Ltd.*, No. 4:08-cv-1135, 2008 WL 8444325, at *2 (S.D. Tex.  Aug. 11, 2008) (upholding arbitration agreement contained in employment agreement signed upon hire).  As the Fifth Circuit explained in *Hadnot v. Bay, Ltd.*, sufficient consideration is formed upon the acceptance of the job application in exchange for the employee's "agreement to arbitrate any claims arising out of any period of employment." *Hadnot,* 344 F. 3d at 477.  "It is clear that [the

employer's] offer of employment was contingent on [the employee's] signing of the [a]greement." *Id.* at 477–78. Accordingly, H-E-B and Ayers's Agreement to Arbitrate is enforceable.[3]

        2.    *Ayers's employment-related claims are within the scope of the Agreement to Arbitrate*

Having determined that Ayres has agreed to arbitrate, a court's second task is to determine whether the claims at issue fall within the scope of that agreement. Ayers's retaliation claim based on his termination from H-E-B are undoubtedly within the scope of the Agreement to Arbitrate.[4] *See* Exhibit A-1. The Court need only satisfy itself that the issues in the action are referable to arbitration. 9 U.S.C. § 3. A clause in a contract providing for dispute resolution should not be denied effect unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute. *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582–83 (1960).

The Agreement to Arbitrate requires arbitration of "any controversy or claim arising out of or relating to [Ayers's] hiring, employment, benefits, and/or *separation of employment*." *Id.* (emphasis added). Ayers's claims relate solely to his employment at H-E-B and his termination. Pl.'s Cmplt. at ¶¶10-31 [D.E. 1]. Specifically, he alleges that H-E-B *terminated* him in retaliation

---

[3] Even putting aside the above argument, the arbitration agreement is nonetheless enforceable because there was sufficient consideration to establish a valid arbitration agreement. A reciprocal promise to arbitrate constitutes sufficient consideration to create a valid arbitration agreement. *See, e.g.*, *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 226 (5th Cir. 2014) (explaining that "[a]s it relates specifically to arbitration agreements, the '[m]utual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement'") (citing *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010)); *Gay v. Manchester Management, LLC,* No. 3:18-cv-01378, 2018 WL 5255267, at *3–4 (N.D. Tex. Oct. 22, 2018) (finding agreement containing mutual promises to arbitrate, and no language allowing the employer to unilaterally modify the agreement, provided sufficient consideration to form a valid agreement); *Rodgers-Glass v. Conroe Hosp. Corp.*, No. 4:14-cv-03300, 2015 WL 4190598, at *5 (S.D. Tex. July 10, 2015) (dismissing plaintiff's claims and compelling arbitration where agreement with mutual promises to submit disputes to arbitration provided adequate consideration). Just as in *Lizalde*, *Gay*, and *Rodgers-Glass*, here the Agreement to Arbitrate equally binds both parties. Exhibit A-1. That is, under the agreement, both H-E-B and Ayers must arbitrate any and all claims arising out of Ayers's employment. *Id.* This mutual restriction qualifies as sufficient consideration.

[4] As established above, given the strong federal policy in favor of arbitration, any uncertainties regarding the agreement's scope must be resolved in H-E-B's favor. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

for him filing an EEOC Charge. D.E. 1 at 5. Therefore, Ayers's claims fall squarely within the purview of the agreement. *See, e.g.*, *Begole v. N. Mississippi Med. Ctr., Inc.*, No. 18-60369, 2019 WL 495981, at *3 (5th Cir. Feb. 7, 2019) (compelling arbitration of former employee's Title VII claims based on agreement to arbitrate "all disputes . . . arising out of or related to" her employment agreement); *Robertson v. Fiesta Rest. Grp., Inc.*, No. 3:17-CV-00384, 2018 WL 3130677, at *1 (S.D. Tex. June 8, 2018) (granting motion to dismiss Title VII claims due to arbitration agreement contained in employee handbook and offer letter). In sum, all of Ayers's claims are within the scope of the Agreement to Arbitrate and they should be compelled to arbitration.

        3.      *No external legal constraints foreclose arbitration of Ayres's claims*

Individuals seeking to avoid an arbitration agreement "face a high bar," even when pursuing federal statutory claims, because of the federal policies favoring the private arbitration of disputes. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004). A court will enforce a party's commitment to arbitrate his or her claims unless the party can show that Congress intended to preclude arbitration or other nonjudicial resolution of those claims. *Id.* Here, there is no such intent. *See Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991) ("We hold that Title VII claims…are subject to arbitration under the FAA."). Therefore, the two-prong inquiry is satisfied, and arbitration is mandatory.

**C.    Ayers's Lawsuit Should be Dismissed with Prejudice**

It is undisputed that a court must, at the very least, stay a suit containing issues subject to arbitration under a written arbitration agreement until the arbitration "has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Alford*, 975 F.2d at 1164 (emphasis in original); *see Fedmet Corp. v. M/V*

*BUYALYK,* 194 F.3d 674, 676 (5th Cir. 1999).  "The reason for dismissal with prejudice is that retaining jurisdiction of the action by the district court serves no purpose because any remedies after arbitration are limited to judicial review based on the grounds set forth in the FAA." *Athas Health, LLC v. Giuffre*, No. 3:17-CV-300-L-BN, 2018 WL 1026271, at *4 (N.D. Tex. Feb. 23, 2018) (citing *Alford*, 975 F.2d at 1164).  The Fifth Circuit has "held that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration." *Donahoe*, 751 F.3d at 306 (citing cases).

In this case, the only claims brought by Ayers are claims governed by the Agreement to Arbitrate.  Accordingly, the Court should dismiss the action with prejudice under Rule 12(b)(1) or, in the alternative, under Rule 12(b)(3) or 12(b)(6).  *See Doe v. Virginia Coll., LLC*, No. 1:19-CV-23-RP, 2019 WL 1131424, at *2 (W.D. Tex. Mar. 12, 2019); *Mendez v. Wal-Mart Assocs., Inc.*, No. EP-18-CV-189-PRM, 2018 WL 7288583, at *6 (W.D. Tex. Nov. 28, 2018).

## CONCLUSION

For the foregoing reasons, Defendant H-E-B respectfully requests that the Court compel the arbitration of Plaintiff's claims, dismiss this lawsuit with prejudice, and grant H-E-B any and all other and further relief, at law or in equity, to which it is justly entitled.

Dated: May 25, 2023

OF COUNSEL:
Heather Sherrod
State Bar No. 24083836
Federal I.D. No. 1734213
heather.sherrod@nortonrosefulbright.com
Jesika Silva Blanco
State Bar No. 24098428
Fed I.D. No. 2780677
Jesika.blanco@nortonrosefulbright.com

**Norton Rose Fulbright US LLP**
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Respectfully submitted,

/s/ *Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
Fed. Id. No. 18235
shauna.clark@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

***Attorney-in-Charge for Defendant H-E-B, LP***

## CERTIFICATE OF SERVICE

    I hereby certify that, on May 25, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Houston Division using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following:

    Tanner G. M. Franklin
    FRANKLIN LAW FIRM, PLLC
    (936) 854-3213

                                                      /s/ *Jesika Silva Blanco*
                                                          Jesika Silva Blanco